UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust<br><br>Plaintiff<br><br>vs.<br><br>David Favreau and Debra Favreau<br><br>Defendants | CIVIL ACTION NO:<br><br><br><br>COMPLAINT<br><br><br>RE:<br>231 Fisher Farm Road, Sabattus, ME 04280 |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, David Favreau and Debra Favreau, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in which the Defendants, David Favreau and Debra Favreau, are the obligor and the total amount owed under the terms of the Note is One Hundred Thirty Thousand Three Hundred Forty Nine Dollars and Ninety One Cents ($130,349.91), plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is a National Association with its principal place of business located at 425 Walnut Street, Cincinnati, Ohio 45202.

5. The Defendant, David Favreau, is a resident of Sabattus, County of Androscoggin and State of Maine.

6. The Defendant, Debra Favreau, is a resident of Sabattus, County of Androscoggin and State of Maine.

## FACTS

7. On November 21, 1993, by virtue of a Warranty Deed from Jeanne L. Gugenberger and Eugene T. Gugenberger, which is recorded in the Androscoggin County Registry of Deeds in **Book 1686, Page 0318**, the property situated at 231 Fisher Farm Road, County of

Androscoggin, and State of Maine, was conveyed to the Defendants, David Favreau and Debra Favreau, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On November 29, 2005, the Defendants, David Favreau and Debra Favreau, executed and delivered to Mortgage Lenders Network USA, Inc. a certain Note in the amount of $148,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9. On December 21, 2017, the Defendants, David Favreau and Debra Favreau, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit C (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

10. The Demand Letter informed the Defendants, David Favreau and Debra Favreau, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit C.

11. The Defendants, David Favreau and Debra Favreau, failed to cure the default prior to the expiration of the Demand Letter.

12. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

13. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the lawful holder and owner of the Note.

14. The total debt owed under the Note as of August 30, 2018 is One Hundred Thirty Thousand Three Hundred Forty Nine Dollars and Ninety One Cents ($130,349.91), which includes Unpaid Principal Balance in the amount of One Hundred Nineteen Thousand Two Hundred Forty Five Dollars and Seventy Seven Cents ($119,245.77); Accrued Interest in the amount of Seven Thousand Three Hundred Forty Seven Dollars and Twelve Cents ($7,347.12); Escrow/Impound Required in the amount of Three Thousand Forty Nine Dollars and Nine Cents ($3,049.09); Late Charges Due in the amount of One Hundred Ninety One Dollars and Ninety Six Cents ($191.96); Deferred Amounts in the amount of Three Hundred Thirty Five Dollars and Ninety Seven Cents ($335.97); and Total Advances in the amount of One Hundred Eighty Dollars and Zero Cents ($180.00). *See* Exhibit D (a true and correct copy of the Payment History is attached hereto and incorporated herein).

15. Upon information and belief, the Defendants, David Favreau and Debra Favreau, are presently in possession of the subject property originally secured by the Note.

16. The Defendants are not in the Military. *See* Exhibit E (a true and correct copy of the Affidavit Relating to Military Search is attached hereto and incorporated herein).

## COUNT I – BREACH OF NOTE

17. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 16 as if fully set forth herein.

18. On November 29, 2005, the Defendants, David Favreau and Debra Favreau, executed and delivered to Mortgage Lenders Network USA, Inc. a certain Note in the amount of $148,000.00. *See* Exhibit B.

19. The Defendants, David Favreau and Debra Favreau, are in default for failure to properly tender the November 1, 2017 payment and all subsequent payments. *See* Exhibit C.

20. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, David Favreau and Debra Favreau.

21. The Defendants, David Favreau and Debra Favreau, having failed to comply with the terms of the Note, are in breach of the Note.

22. The Defendants, David Favreau and Debra Favreau's breach is knowing, willful, and continuing.

23. The Defendants, David Favreau and Debra Favreau's breach has caused Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

24. The total debt owed under the Note as of August 30, 2018 is One Hundred Thirty Thousand Three Hundred Forty Nine Dollars and Ninety One Cents ($130,349.91), which includes Unpaid Principal Balance in the amount of One Hundred Nineteen Thousand Two Hundred Forty Five Dollars and Seventy Seven Cents ($119,245.77); Accrued Interest in the amount of Seven Thousand Three Hundred Forty Seven Dollars and Twelve Cents ($7,347.12); Escrow/Impound Required in the amount of Three Thousand Forty Nine Dollars and Nine Cents ($3,049.09); Late Charges Due in the amount of One Hundred Ninety One Dollars and Ninety Six Cents ($191.96); Deferred Amounts in the amount of Three Hundred Thirty Five Dollars and Ninety Seven Cents ($335.97); and Total Advances in the amount of One Hundred Eighty Dollars and Zero Cents ($180.00). *See* Exhibit D.

25. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT II – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

26. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 25 as if fully set forth herein.

27. By executing, under seal, and delivering the Note, the Defendants, David Favreau and Debra Favreau, entered into a written contract with Mortgage Lenders Network USA, Inc. who agreed to loan the amount of $148,000.00 to the Defendants. *See* Exhibit B.

28. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and successor-in-interest to Mortgage Lenders Network USA, Inc., and has performed its obligations under the Note.

29. The Defendants, David Favreau and Debra Favreau, breached the terms of the Note by failing to properly tender the November 1, 2017 payment and all subsequent payments. *See* Exhibit C.

30. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, David Favreau and Debra Favreau.

31. The Defendants, David Favreau and Debra Favreau, having failed to comply with the terms of the Note, are in breach of contract.

32. The Defendants, David Favreau and Debra Favreau, are indebted to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust in the sum of One Hundred Twenty Four Thousand Nine Hundred Two Dollars and Forty Six cents ($124,902.46), for money lent by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to the Defendants.

33. Defendants David Favreau and Debra Favreau's breach is knowing, willful, and continuing.

34. Defendants David Favreau and Debra Favreau's breach have caused the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

35. The total debt owed under the Note as of August 30, 2018 is One Hundred Thirty Thousand Three Hundred Forty Nine Dollars and Ninety One Cents ($130,349.91), which includes Unpaid Principal Balance in the amount of One Hundred Nineteen Thousand Two Hundred Forty Five Dollars and Seventy Seven Cents ($119,245.77); Accrued Interest in the amount of Seven Thousand Three Hundred Forty Seven Dollars and Twelve Cents ($7,347.12); Escrow/Impound Required in the amount of Three Thousand Forty Nine Dollars and Nine Cents ($3,049.09); Late Charges Due in the amount of One Hundred Ninety One Dollars and Ninety Six Cents ($191.96); Deferred Amounts in the amount of Three Hundred Thirty Five Dollars and Ninety Seven Cents ($335.97); and Total Advances in the amount of One Hundred Eighty Dollars and Zero Cents ($180.00). *See* Exhibit D.

## COUNT III – QUANTUM MERUIT

36. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 35 as if fully set forth herein.

37. Mortgage Lenders Network USA, Inc., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned Defendants, David Favreau and Debra Favreau, $148,000.00. *See* Exhibit B.

38. The Defendants, David Favreau and Debra Favreau, are in default for failure to properly tender the November 1, 2017 payment and all subsequent payments. *See* Exhibit C.

39. As a result of the Defendants' failure to perform under the terms of their obligation, the Defendants, David Favreau and Debra Favreau, should be required to compensate the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

40. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit*.

41. The total debt owed under the Note as of August 30, 2018 is One Hundred Thirty Thousand Three Hundred Forty Nine Dollars and Ninety One Cents ($130,349.91), which includes Unpaid Principal Balance in the amount of One Hundred Nineteen Thousand Two Hundred Forty Five Dollars and Seventy Seven Cents ($119,245.77); Accrued Interest in the amount of Seven Thousand Three Hundred Forty Seven Dollars and Twelve Cents ($7,347.12); Escrow/Impound Required in the amount of Three Thousand Forty Nine Dollars and Nine Cents ($3,049.09); Late Charges Due in the amount of One Hundred Ninety One Dollars and Ninety Six Cents ($191.96); Deferred Amounts in the amount of Three Hundred Thirty Five Dollars and Ninety Seven Cents ($335.97); and Total Advances in the amount of One Hundred Eighty Dollars and Zero Cents ($180.00). *See* Exhibit D.

## COUNT IV –UNJUST ENRICHMENT

42. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 41 as if fully set forth herein.

43. Mortgage Lenders Network USA, Inc., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned the Defendants, David Favreau and Debra Favreau, $148,000.00. *See* Exhibit B.

44. The Defendants, David Favreau and Debra Favreau, have failed to repay the loan obligation.

45. As a result, the Defendants, David Favreau and Debra Favreau, have been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust as successor-in-interest to Mortgage Lenders Network USA, Inc. by having received the aforesaid benefits and money and not repaying said benefits and money.

46. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief.

47. The total debt owed under the Note as of August 30, 2018 is One Hundred Thirty Thousand Three Hundred Forty Nine Dollars and Ninety One Cents ($130,349.91), which includes Unpaid Principal Balance in the amount of One Hundred Nineteen Thousand Two Hundred Forty Five Dollars and Seventy Seven Cents ($119,245.77); Accrued Interest in the amount of Seven Thousand Three Hundred Forty Seven Dollars and Twelve Cents ($7,347.12); Escrow/Impound Required in the amount of Three Thousand Forty Nine Dollars and Nine Cents ($3,049.09); Late Charges Due in the amount of One Hundred Ninety One Dollars and Ninety Six Cents ($191.96); Deferred Amounts in the amount of Three Hundred Thirty Five Dollars and Ninety Seven Cents ($335.97); and Total Advances in the amount of One Hundred Eighty Dollars and Zero Cents ($180.00). *See* Exhibit D.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, prays this Honorable Court:

a) Find that the Defendants, David Favreau and Debra Favreau, are in breach of the Note by failing to make payment due as of November 1, 2017, and all subsequent payments;

b) Find that the Defendants, David Favreau and Debra Favreau, entered into a contract for a sum certain in exchange for a loan;

c) Find that the Defendants, David Favreau and Debra Favreau, are in breach of contract by failing to comply with the terms and conditions of the Note by failing to make the payment due November 1, 2017 and all subsequent payments;

d) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to enforce the terms and conditions of the Note;

e) Find that by virtue of the money retained by the Defendants, David Favreau and Debra Favreau, have been unjustly enriched at the Plaintiff's expense;

f) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to restitution;

g) Find that the Defendants, David Favreau and Debra Favreau, are liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, for money had and received;

h) Find that the Defendants, David Favreau and Debra Favreau, are liable to the Plaintiff for quantum meruit;

i) Find that the Defendants, David Favreau and Debra Favreau, have appreciated and retained the benefit of the Note and the subject property;

j) Find that it would be inequitable for the Defendants, David Favreau and Debra Favreau, to continue to appreciate and retain the benefit of the Note and subject property without recompensing the appropriate value;

k) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to restitution for this benefit from the Defendants, David Favreau and Debra Favreau;

l) Determine the amount due on said Note, including principal, interest, reasonable attorney's fees and court costs;

m) Additionally, issue a money judgment against the Defendants, David Favreau and Debra Favreau, and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in the amount of One Hundred Thirty Thousand Three Hundred Forty Nine Dollars and Ninety One Cents ($130,349.91), the total debt owed under the Note plus interest and costs including attorney's fees and costs;

n) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank Trust, N.A., as Trustee for LSF9
Master Participation Trust,
By its attorneys,

Dated: September 13, 2018

/s/ John A. Doonan
John Doonan, Esq. (BBO# 3250)
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670